CHRISTOPHER M. KELLER, ESQ.  (SBN 297993)
LAW OFFICES OF CHRISTOPHER M. KELLER
137 N. 10th Street, Suite E
Santa Paul. CA 93060
(805) 628-9499
(805) 830-1670
kellerlawyer@gmail.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JONATHAN BLACK KOTYK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SIMON; Drop Stop, LLC,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jonathan Black Kotyk ("Plaintiff" or "Kotyk"), by and through undersigned counsel, alleges the following against Defendants Drop Stop, LLC ("Drop Stop") and Jeffrey Simon (collectively, "Defendants"). Plaintiff makes these allegations based on personal knowledge as to his own acts and on information and belief as to all other matters, with evidentiary support expected after a reasonable opportunity for discovery.

## I.

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, 35 U.S.C. § 281, 35 U.S.C. § 283, 35 U.S.C. § 284, and 35 U.S.C. § 285.

2.     Plaintiff owns all right, title, and interest in United States Patent No. 7,527,314, titled "Vehicle Gap Guard" (the "'314 Patent"), which issued on May 5, 2009, names Jewel Dohan

as inventor, and concerns vehicle gap guard technology designed to fit and occupy the space between a vehicle seat and an adjacent compartment, including a center console, to prevent personal articles from falling into that space.

3.      Defendants have infringed and continue to infringe the '314 Patent by making, using, selling, offering to sell, and/or importing within the United States vehicle seat gap filler and vehicle space guard products, including products sold under or in connection with the name Drop Stop Seat Gap Filler and materially similar products (collectively, the "Accused Products").

4.      Defendants have further infringed and continue to infringe the '314 Patent by actively inducing end users, customers, resellers, distributors, and/or other third parties to use the Accused Products in a manner that practices one or more claims of the '314 Patent, including by providing packaging, instructions, marketing materials, website content, and other directions that instruct and encourage users to install the Accused Products in vehicles, including through an attachment means such as double-sided tape.

5.      Plaintiff seeks damages adequate to compensate for Defendants' infringement, enhanced damages for willful infringement, pre- and post-judgment interest, costs, attorneys' fees in an exceptional case, injunctive relief, and all other relief the Court deems just and proper.

## II.

## THE PARTIES

6.      Plaintiff Jonathan Black Kotyk is an individual residing at 162 Magnolia Street, Atlantic Beach, Florida 32233. Plaintiff is the current owner by assignment of the '314 Patent.

7.      Defendant Drop Stop, LLC is, on information and belief, a California limited liability company with its principal place of business at 1925 Century Park East, 16th Floor, Los Angeles, California 90067. Drop Stop may be served through its registered agent or as otherwise permitted by law.

8.     Defendant Jeffrey Simon is, on information and belief, a co-president and listed agent of Drop Stop, LLC, having an address of 1925 Century Park East, 16th Floor, Los Angeles, California 90067. Mr. Simon is added as a defendant in his personal capacity due to his own wrongful actions, notably in inducing infringement.

**III.**

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and under 28 U.S.C. § 1338(a) because this action arises under an Act of Congress relating to patents.

10.     This Court has personal jurisdiction over Drop Stop because Drop Stop is organized under California law, maintains its principal place of business in Los Angeles, California, and has committed acts of infringement in this District.

11.     This Court has personal jurisdiction over Jeffrey Simon because Mr. Simon is, on information and belief, a resident of the State of California, and has committed wrongful acts, notably inducing infringement, in this District.

12.     Venue is proper in this District as to Drop Stop under 28 U.S.C. § 1400(b) because Drop Stop resides in California for purposes of venue and/or has committed acts of infringement and has a regular and established place of business in this District. The Supreme Court has held that 28 U.S.C. § 1400(b) is the controlling patent venue statute and that a domestic corporation "resides" in its state of incorporation for patent venue purposes. TC Heartland LLC v. Kraft Foods Group Brands LLC.

13.     Venue is proper in this District as to Jeffrey Simon because, on information and belief, he has committed acts of infringement in this District and maintains or has maintained a regular and established place of business in this District, either directly or through controlled retail

locations, distribution channels, agents, affiliated business operations, or other established physical or operational places from which Accused Products are sold, distributed, or supported.

14.     In the alternative, to the extent any Defendant is not a resident of the United States for purposes of venue or is determined not to be subject to 28 U.S.C. § 1400(b) in the manner alleged above, venue is proper under applicable federal venue law, including 28 U.S.C. § 1391, because such Defendant is subject to personal jurisdiction in this District.

15.     Assignment to the Western Division of the Central District of California is proper because Drop Stop's principal place of business is located in Los Angeles County and a substantial part of the events giving rise to the claims occurred in this District.

**IV.**

**FACTUAL BACKGROUND**

16.     The '314 Patent generally relates to a vehicle gap guard system and method for fitting and occupying the space between a vehicle seat and the next closest vehicle compartment, including a center console unit. The claimed technology includes, among other things, a removable space guard, a cutout portion for fitment around vehicle seatbelt components, and an attachment means.

17.     The invention addressed a common automotive problem: preventing phones, keys, coins, food, personal items, and other articles from falling into the narrow space between a vehicle seat and the center console or adjacent compartment.

18.     Plaintiff acquired the rights to the '314 Patent through recorded assignments. On information and belief, inventor Jewel Dohan assigned rights in the '314 Patent to Riley D. Pelfrey, and Riley D. Pelfrey subsequently assigned rights in the '314 Patent to Plaintiff. Plaintiff is the current owner of the '314 Patent and has the right to sue for infringement and recover damages (Exhibit D).

19. Plaintiff and/or entities authorized by Plaintiff have commercialized products practicing the '314 Patent, including a vehicle gap guard product sold under the Gap Guard brand. The Gap Guard product embodies the patented solution and has been marketed, sold, and supported through domestic business activities.

20. Defendants sell, offer for sale, distribute, and/or import vehicle seat gap filler products that compete with Plaintiff's patented technology. The Accused Products include the Drop Stop Seat Gap Filler, which is sold by Drop Stop and other sellers and distributors (Exhibit E).

21. On information and belief, Jeffrey Simon was fully aware of Plaintiff's patent, including executing a Declaration noting differences between the Drop Stop product and Plaintiff's patent (Exhibit C). Nonetheless, on information and belief, Mr. Simon would explicitly suggest modifying the Drop Stop product to consumers to include the element of 'attachment means', which he once directed away from in his Declaration. Jeffrey Simon was clearly aware of the teachings of Plaintiff's patent yet chose to disregard them, and led the modification of Drop Stop instructions which instructed consumers to infringe Plaintiff's patent.

22. Plaintiff has purchased exemplary Accused Products in the United States from Drop Stop. These purchases confirm that Defendants sell and offer to sell the Accused Products in the United States and to United States consumers.

23. Defendant Drop Stop provides instructions, packaging, advertising, website content, and other materials that instruct and encourage purchasers and end users to install and use the Accused Products in a vehicle in a manner that practices the '314 Patent. These materials include instructions for placement of the Accused Products between a vehicle seat and adjacent console and, on information and belief, instructions or encouragement to use attachment means, including double-sided tape or Velcro (Exhibit F). These instructions contrast with previous Drop Stop instructions that do not allude to the use of Velcro or double-sided tape (Exhibit G).

24.     At least one non-party user has used an Accused Product in the United States in accordance with the instructions provided with the product and thereby directly infringed one or more claims of the '314 Patent (Exhibit B). Additional direct infringement by customers and end users has occurred and will be confirmed through discovery.

25.     Without discovery, Plaintiff cannot know the full scope of Defendants' infringing sales, offers for sale, imports, users, distribution chains, knowledge, instructions, product variations, revenues, profits, and communications. Plaintiff reserves the right to amend this Complaint based on information obtained through discovery.

## V.

## THE '314 PATENT

26.     The '314 Patent, titled "Vehicle Gap Guard," issued on May 5, 2009. A true and correct copy of the '314 Patent shall be attached as Exhibit A.

27.     The '314 Patent is valid and enforceable. Defendants bear the burden of proving invalidity by clear and convincing evidence.

28.     Plaintiff owns all substantial rights in the '314 Patent, including the right to exclude others from making, using, selling, offering to sell, and importing the patented invention, and the right to seek damages, injunctive relief, enhanced damages, attorneys' fees, costs, and other remedies for infringement.

29.     The '314 Patent includes claims directed to vehicle gap guard technology. Defendants infringe at least claims 1, 2, 4, 9, 10, 11, 13, 14, 15, 16, 18, and 19 of the '314 Patent, and discovery may reveal infringement of additional claims.

30.     Plaintiff has complied with the marking and notice requirements of 35 U.S.C. § 287 to the extent applicable, including by providing actual notice of infringement through this

Complaint. Plaintiff reserves the right to prove earlier notice and to seek damages for the full period permitted by law.

**VI.**

**COUNT I — DIRECT INFRINGEMENT OF THE '314 PATENT**

**UNDER 35 U.S.C. § 271(a)**

31.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32.     Under 35 U.S.C. § 271(a), whoever without authority makes, uses, offers to sell, sells, or imports any patented invention within the United States during the term of the patent infringes the patent.

33.     Defendants have directly infringed and continue to directly infringe one or more claims of the '314 Patent, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Accused Products in the United States without authority.

34.     Defendants' Accused Products include each element of at least one asserted claim of the '314 Patent, either literally or by an equivalent. Among other things, the Accused Products are vehicle space guard products configured to fit and occupy the space between a vehicle seat and adjacent compartment and include features corresponding to the claimed space guard, fitment, removable configuration, cutout/seatbelt accommodation, and attachment means.

35.     Drop Stop has directly infringed and continues to directly infringe the '314 Patent by importing, selling, and offering to sell the Drop Stop Seat Gap Filler through its website, marketing channels, and distribution network, including in and into this District.

36.     Plaintiff has been damaged by Defendants' direct infringement and is entitled to damages adequate to compensate for the infringement in an amount to be proven at trial, but no less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

# VII.

## COUNT II — INDUCED INFRINGEMENT OF THE '314 PATENT

## UNDER 35 U.S.C. § 271(b)

37.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38.     Under 35 U.S.C. § 271(b), whoever actively induces infringement of a patent is liable as an infringer.

39.     Defendants have actively induced and continue to actively induce infringement of one or more claims of the '314 Patent by knowingly and intentionally encouraging, instructing, aiding, and abetting customers and end users to use the Accused Products in a manner that directly infringes the '314 Patent.

40.     Defendants' inducement includes providing product instructions, installation directions, packaging, videos, website content, advertisements, and other marketing materials that instruct users to place the Accused Products in the gap between a vehicle seat and adjacent console and to use the Accused Products with an attachment means, including double-sided tape or other adhesive means.

41.     Defendants knew of the '314 Patent before or no later than the filing and service of this Complaint. On information and belief, Drop Stop knew of the '314 Patent earlier because the '314 Patent or its teachings were made known during prosecution of Drop Stop-related patent application materials, including U.S. Application No. 11/749,354. On information and belief, Mr. Simon knew of the '314 Patent through communications, business dealings, licensing discussions, product sourcing, patent notices, supplier communications, industry knowledge, willful blindness, or at least upon service of this Complaint.

42.     Defendants knew or were willfully blind to the fact that the acts they induced

constituted patent infringement. The Supreme Court has held that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement and that willful blindness can satisfy the knowledge requirement.

43.     Defendants specifically intended that customers and end users install and use the Accused Products in the infringing manner. That specific intent is shown by Defendants' product design, packaging, instructions, advertising, images, videos, website statements, and continued sales despite knowledge of the '314 Patent and the infringement allegations.

44.     Direct infringement by at least one end user has occurred in the United States. Additional direct infringement has occurred when Defendants' customers installed and used the Accused Products as Defendants instructed.

45.     Plaintiff has been damaged by Defendants' induced infringement and is entitled to damages adequate to compensate for the infringement in an amount to be proven at trial, but no less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

## VIII.

## COUNT III — CONTRIBUTORY INFRINGEMENT OF THE '314 PATENT

## UNDER 35 U.S.C. § 271(c)

46.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     Under 35 U.S.C. § 271(c), a party is liable for contributory infringement when it offers to sell, sells, or imports a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, knowing it to be especially made or especially adapted for use in infringement of a patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

48.     Defendants have contributorily infringed and continue to contributorily infringe the

'314 Patent by selling, offering to sell, and/or importing Accused Products and components thereof that are especially made or especially adapted for use in practicing the claimed invention of the '314 Patent.

49.     The Accused Products and their components are designed and adapted for placement in the gap between a vehicle seat and adjacent console or vehicle compartment. They are not staple articles or commodities of commerce suitable for substantial non infringing use when sold with the instructions, configuration, and intended use alleged herein.

50.     Defendants knew that the Accused Products were specially made or especially adapted for infringing use and knew that the Accused Products were not staple articles suitable for substantial non infringing use. Defendants' knowledge is shown by their instructions, marketing, packaging, product configuration, and continued sales after knowledge of the '314 Patent and the infringement allegations.

51.     Defendants' contributory infringement has caused and continues to cause damage to Plaintiff in an amount to be proven at trial.

## IX.

## WILLFUL INFRINGEMENT

52.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

53.     Defendants' infringement has been willful, deliberate, and egregious. Defendants knew or should have known of the '314 Patent and proceeded to make, use, sell, offer to sell, import, instruct, and encourage use of the Accused Products despite an objectively high risk that their conduct infringed a valid patent.

54.     Drop Stop's willfulness is supported by its knowledge of the '314 Patent or its teachings during prosecution of Drop Stop-related patent application materials and by its continued

marketing and sale of Accused Products with instructions that encourage infringing use.

55. Mr. Simon's willfulness is supported by his knowledge of the '314 Patent or its teachings during prosecution of Drop Stop-related patent application materials and by the continued marketing and sale of Accused Products with instructions that encourage infringing use, notably through the execution of a Declaration submitted during prosecution of the Drop Stop-related patent.

56. Enhanced damages are available under 35 U.S.C. § 284, which permits a court to increase damages up to three times the amount found or assessed. The Supreme Court has confirmed that enhanced damages are reserved for egregious cases of culpable conduct and are committed to the district court's discretion. Halo Electronics, Inc. v. Pulse Electronics, Inc.

57. Plaintiff is entitled to enhanced damages for Defendants' willful infringement and to a finding that this case is exceptional under 35 U.S.C. § 285, warranting an award of reasonable attorneys' fees and costs.

## X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonathan Black Kotyk respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

(A)    A judgment that Defendants have infringed one or more claims of the '314 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents;

(B)    A judgment that Defendants have induced infringement of one or more claims of the '314 Patent under 35 U.S.C. § 271(b);

(C)    A judgment that Defendants have contributorily infringed one or more claims of the '314 Patent under 35 U.S.C. § 271(c);

(D)    A judgment that Defendants' infringement has been willful;

(E)    An award of damages adequate to compensate Plaintiff for Defendants' infringement, in no event less than a reasonable royalty, together with interest and costs as provided by 35 U.S.C. § 284;

(F)    An award of enhanced damages up to three times the amount found or assessed under 35 U.S.C. § 284;

(G)    A preliminary and permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, distributors, retailers, resellers, successors, assigns, and all persons acting in concert or participation with them from making, using, selling, offering to sell, importing, advertising, marketing, distributing, or encouraging use of the Accused Products or any product not colorably different from the Accused Products that infringes the '314 Patent;

(H)    An order requiring Defendants to recall, remove from commerce, destroy, or otherwise dispose of infringing products, packaging, instructions, marketing materials, and related materials in a manner approved by the Court;

(I)    A finding that this case is exceptional under 35 U.S.C. § 285 and an award to Plaintiff of his reasonable attorneys' fees, expenses, and costs;

(J)    An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

(K)    An accounting of Defendants' infringing sales, revenues, costs, profits, importation, distribution, and related financial information; and

(L)    Such other and further relief as the Court deems just and proper.

. . .

. . .

. . .

## XI.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: May 12, 2026

Respectfully submitted,


By: */s/ Christopher M. Keller*
Christopher M. Keller, Esq. [SBN 297993]
LAW OFFICES OF CHRISTOPHER M. KELLER
37 N. 10th St., Suite E
Santa Paula, CA 93060

*Local Counsel for Plaintiff*
*Attorney for Plaintiff Jonathan Black Kotyk*