**O**

# United States District Court
# Central District of California

| | |
|---|---|
| JONATHAN BLACK KOTYK,<br>Plaintiff,<br>v.<br>JEFFREY SIMON et al.,<br>Defendants. | Case № 2:26-cv-05158-ODW (CTSx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR A MANDATORY STAY UNDER 28 U.S.C. § 1659 [22]** |

## I. INTRODUCTION

Plaintiff Jonathan Black Kotyk brings this action against Defendants Jeffrey Simon and Drop Stop, LLC for patent infringement under 35 U.S.C. § 271 and for related California state-law claims. (First Am. Compl. ("FAC"), Dkt. No. 15.) Defendants move for a mandatory stay of the patent-infringement claims under 28 U.S.C. § 1659(a) ("Section 1659(a)") pending final resolution of proceedings before the United States International Trade Commission ("ITC")[1], and a stay of the state-law claims under Section 1659(a) or the Court's inherent discretionary authority. (Mot. Stay ("Mot." or "Motion") 4, Dkt. No. 22.) For the following reasons, the Court **GRANTS** Defendants' Motion, and **STAYS** the action in its entirety.[2]

[1] ITC Investigation No. 337-TA-1509.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Kotyk owns the rights to United States Patent No. 7,527,314 (the "'314 Patent") which concerns "vehicle gap guard technology designed to fit and occupy the space between a vehicle seat and an adjacent compartment, including a center console, to prevent personal articles from falling into that space." (FAC ¶ 2; *see also* Compl. Ex. A, Dkt. No. 1-1.) The '314 Patent names Jewel Dohan as its inventor. (Compl. Ex. A at 1.)

Simon identifies himself as the co-inventor of an invention entitled "Apparatus for Closing Gaps." (Compl. Ex. C at 1, Dkt. No. 1-3; Mot. 1.) Defendants call this invention the "Drop Stop®." (Mot. 1.) Drop Stop "was formed to manufacture and sell the Drop Stop® seat gap filler." (*Id.*)

On May 13, 2026, Kotyk initiated this action against Defendants, and asserted three claims for patent infringement under 35 U.S.C. § 271(a)–(c) and one claim for willful infringement (collectively, the "Federal Claims"). (Compl. ¶¶ 31–57, Dkt. No. 1.) On July 16, 2026, Kotyk filed his First Amended Complaint adding two California state-law claims for unfair competition under California Business and Professions Code § 17200 ("Section 17200") and for unjust enrichment (collectively, the "State-Law Claims"). (FAC ¶¶ 55–110.)

Kotyk accuses Defendants of "making, using, selling, offering to sell, and/or importing" vehicle seat gap filler and vehicle space guard products (collectively, the "Accused Product") that infringe the '314 Patent. (FAC ¶ 3.) Kotyk further alleges that Defendants induced infringement of the '314 Patent by providing packaging, instructions, marketing materials, website content, and other directions that instruct and encourage users to use the Accused Product in an "infringing manner." (FAC ¶¶ 4, 69.) Kotyk alleges that his State-Law Claims arise from Defendants' wrongful commercial conduct, "including bad-faith product-use instructions," and the "omission of material information while encouraging a known infringing configuration" of the Accused Product. (FAC ¶¶ 6–7.).

On May 29, 2026, Kotyk filed a complaint with the ITC, alleging that Defendants violated Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing into the United States products infringing the '314 Patent. (Decl. C. Wook Pak ISO Mot. ("Pak Decl.") ¶ 3, Dkt. No. 22-1; Pak Decl. Ex. A ("ITC Complaint") ¶ 1, Dkt. No. 22-2.) On July 1, 2026, the ITC instituted Investigation No. 337-TA-1509 (the "ITC Investigation") and named Drop Stop—but not Simon—as a respondent. (Mot. 1; Pak Decl. Ex. B ("ITC Notice of Institution") 1–4, Dkt. No. 22-3.)

Now, Defendants move to stay the patent-infringement claims under Section 1659(a), and the state-law claims under Section 1659(a) or the Court's inherent discretionary authority. (Mot. 4.) Kotyk does not oppose a limited stay of the Federal Claims against Drop Stop under Section 1659(a) but opposes a stay of any claims against Simon or of the State-Law Claims. (Opp'n Mot. ("Opp'n") 13–20[3], Dkt. No. 26.)

## III. LEGAL STANDARD

Section 1659(a) provides:

> [A]t the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission.

28 U.S.C. § 1659(a). The party requesting the stay must do so either within "30 days after the party is named as a respondent in the proceeding before the Commission" or "30 days after the district court action is filed," whichever is later. *Id.* "A stay is mandatory if the requirements of § 1659(a) are met." *Trina Solar Co. v. Jiangsu Runergy New Energy Tech. Co.*, No. 2:24-cv-07694-MCS (MARx), 2024 WL 5439266, at *1 (C.D. Cal. Nov. 8, 2024) (citing *In re Princo Corp.*, 478 F.3d 1345,

[3] For the opposition, the Court cites the pagination at the CM/ECF docket header.

1355 (Fed. Cir. 2007)); *Nobel Biocare Services AG v. Neodent USA, Inc.*, No. 8:14-cv-1322-DOC (DFMx), 2014 WL 12573966, at *1 (C.D. Cal. Dec. 5, 2014) ("§ 1659(a) confers upon the party . . . who is also 'a respondent in [a] proceeding before the [ITC]' involving the same issues a statutory right to a mandatory stay . . . if the party brings the request within 30 days of the concurrent ITC action.").

## IV. DISCUSSION

Citing Section 1659(a), Defendants request a stay of the entire action, arguing that all claims share the same issues as those involved in the ITC Investigation. (Mot. 4.) Kotyk does not oppose a stay of the Federal Claims against Drop Stop but argues that Section 1659(a) is inapplicable to Simon and the State-Law Claims. (Opp'n 13–20.)

### A. Simon

Kotyk argues that, to the extent a Section 1659(a) stay applies here, it does not include his claims against Simon. Section 1659(a) provides that, upon a timely motion by a proper party, a court must stay proceedings "with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). Under the plain language of the statute, regardless of whether both defendants are respondents to the ITC Investigation, the Court must stay all claims that share issues with the ITC Investigation. *See id.*; *In re Princo Corp.*, 478 F.3d at 1355 ("The purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time."); *Polymer Tech. Sys., Inc. v. ACON Lab'ys, Inc.*, No. 18-cv-00805-H-JLB, 2018 WL 3388123, at *1–2 (S.D. Cal. July 11, 2018) ("[T]he Court must now stay all of the claims in this action . . . because all of the claims in Plaintiff's complaint against both Defendants involve the same issues as the ITC Investigation."). As discussed below, the claims against Simon involve the same issues as the ITC Investigation. Accordingly, that Simon is not a respondent in the ITC Investigation does not, by itself, preclude a stay of Kotyk's claims against him.

**B. Federal Claims**

A motion to stay under Section 1659(a) is timely if the moving party files within 30 days after being named a respondent in an ITC investigation. 28 U.S.C. § 1659(a). Upon a timely filed motion, the Court must stay all claims that involve "the same issues involved in the proceeding before the Commission." *Id.*

The ITC named Drop Stop as a respondent in its July 1, 2026 notice of institution, (ITC Notice of Institution 4), and Defendants filed their Motion on July 30, 2026, (Mot. 17). Defendants thus filed their Motion within the 30-day period prescribed by Section 1659(a)(1). *See, e.g.*, *Polymer Tech. Sys., Inc.*, 2018 WL 3388123, at *1–2 (finding defendant's request for stay was timely when defendant was "formally named" as a respondent in the ITC's notice of institution of investigation and the motion to stay was filed within 30 days of that notice). Additionally, both the ITC Investigation and the Federal Claims involve the issue of whether the Accused Product infringes the '314 Patent. (*Compare* ITC Notice of Institution 3, *with* FAC ¶¶ 55–84.) Indeed, under each Federal Claim, Kotyk alleges infringement of the '314 Patent, while the ITC Investigation concerns the importation of products allegedly infringing the '314 Patent. (*Id.*) Thus, the issue of whether Defendants' products infringe is common to both the Federal Claims and the ITC Investigation. As Defendants' Motion is timely and the Federal Claims involve the same issues as those before the ITC, the Court must stay the Federal Claims against both Defendants.

**C. State-Law Claims**

The Court must stay all claims that share issues with those involved in the ITC Investigation. 28 U.S.C. § 1659(a) At least part of each State-Law Claim involves issues concerning Defendants' allegedly infringing conduct. (*See* FAC ¶¶ 6, 38, 87–88, 106.) In support of his State-Law Claims, Kotyk alleges that Defendants used "deceptive customer-facing directions . . . while encouraging a known infringing configuration." (*Id.* ¶ 6.) In particular, Kotyk alleges under his Section 17200 claim

that Defendants "instructed and encouraged consumers . . . [to] use the Accused Product in a configuration Defendants knew, or were willfully blind to the fact, implicated Plaintiff's patented vehicle gap guard technology." (*Id.* ¶ 87.) Similarly, Kotyk alleges that Defendants unjustly enriched themselves by using "bad-faith and misleading marketplace materials that . . . implicated [Kotyk's] patented technology." (*Id.* ¶ 106.) Thus, whether the Accused Product, when used in the configuration that Defendants allegedly encouraged consumers to use, infringes the '314 Patent is an issue common to the State-Law Claims and the ITC Investigation. As such, the Court must stay the State-Law Claims against both Defendants under Section 1659(a) because they involve the same patent-infringement issues that are before the ITC.

Accordingly, because a Section 1659(a) stay is applicable to Simon, and both the Federal Claims and State-Law Claims share issues with the proceedings before the ITC, the Court must stay the entire action until the determination of the ITC Investigation becomes final. 28 U.S.C. § 1659(a); *see In re Princo Corp.*, 478 F.3d at 1355 ("§ 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review.").

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Stay and **STAYS** this entire action pending a final determination in the ITC Investigation. (Dkt. No. 22.) Beginning December 3, 2026, the parties shall file joint status reports every sixty (60) days regarding the status of the ITC Investigation. Additionally, the parties shall file a joint status report within ten (10) days of the ITC Investigation's conclusion.

In light of this disposition, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. No. 33), and Plaintiff's Motion for Leave to File Proposed Second Amended Complaint, (Dkt. No. 36). Plaintiff and Defendants may refile their motions within thirty (30) days of the stay lifting.

**IT IS SO ORDERED.**

November 6, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**